## UNITED STATES v. LA FONTAINE.
### No. 15473.

District Court, D. Maryland.
Dec. 4, 1931.

Simon E. Soboloff, U. S. Atty., and O. Norman Forrest, Asst. U. S. Atty., both of Baltimore, Md., for the United States.

William Curran and Morton P. Fisher, both of Baltimore, Md., and E. Barrett Prettyman, of Washington, D. C., for defendant.

CHESNUT, District Judge.

The defendant has pleaded guilty to the second count of the indictment in this case which is based on title 26, section 2146 of the United States Code Annotated, and which charges that he willfully and knowingly attempted to evade the payment of income taxes due for the year 1926, in the amount

of $11,622.62. The penalty prescribed by the statute for this offense is a fine not exceeding $10,000, or imprisonment not exceeding five years, or both. The matter before me is to determine the proper sentence to be imposed on the defendant. By reason of the unusual circumstances involved, the determination of what is a proper sentence in this case has not been free from difficulty. After the plea of guilty the United States attorney and counsel for the defendant have respectively stated the relevant facts in considerable detail and counsel for the defendant has submitted able arguments in support of their contention that the sentence should be limited to a fine without imprisonment. It seems desirable to make a condensed statement of the controlling circumstances as a basis for the sentence to be imposed.

The defendant has been for many years and practically all his life engaged in operating a gambling house and in recent years has accumulated a large fortune therefrom. He made no income tax returns to the government prior to 1925 but did make a return for the year 1924 and subsequent years. In these returns he did not include his income from the gambling house for the years 1924, 1925, and 1926, but did report some income from this source for the years 1927, 1928, and 1929. For the taxable year 1926 he reported a net income from other sources of $3,178, on which the computed tax was $73.50. His income tax returns were first examined in the year 1929, and, as a result of the information then given by him to the revenue agent, the amount of his tax for the year 1926 was increased to $369.-52. At that time the defendant entered into an agreement with the Commissioner of Internal Revenue as to final determination of his tax liability for that year. However, in 1931, in consequence of further information, the Commissioner insisted on reopening the inquiry as to determination of the tax for 1926 and subsequent years, with the result that for the years 1925, 1926, 1927, 1928, and 1929, increased tax assessments to the aggregate amount of $120,000 were made, to which was added penalties of about $80,-000, so that the final result was to require the defendant to pay additional taxes for the years 1925 to 1929, inclusive, in the total amount of approximately $200,000. This redetermination of income taxes for this period was based on the failure of the defendant to have correctly reported the income from his gambling house for these years. For the year 1926, the amount of income from this source which the defendant failed to report, as subsequently determined by the Commissioner, was approximately $70,000. As a result of the last revision of 1931, the defendant agreed to pay the additional income tax for the whole period in the amount of approximately $200,000 as above stated, and in addition thereto, in writing, agreed to plead guilty to an indictment for attempt to willfully evade the payment of taxes for the year 1925 or 1926. The indictment in this case consisted of two counts; the first comprehending the year 1925, and the second, the year 1926. The defendant elected to plead guilty to the second count and the government has nol prossed the first count. The United States attorney neither approves nor opposes the contention that the sentence should be limited to a fine without imprisonment.

The considerations most earnestly urged upon me by defendant's counsel are: That the payment of this very large sum of additional income taxes not included in the defendant's original returns (a) does not of itself show any actual intent on the part of the defendant to defraud the government of the revenue, because it is said the defendant preferred to pay the additional sums rather than contest the government's right to recover the same, and to avoid litigation; and (b) that there was uncertainty in the law until 1927 as to whether the defendant was legally obliged to report income from illegal sources of gain. In support of the first contention, it is said the defendant does not admit that his income from gambling as computed by the government in the final revision of 1931 is correct, although he has paid or agreed to pay it for peace. It is further said that the basis of the redetermination of the tax liability in 1931 was a so-called net worth basis in contradistinction to a cash basis. The procedure in determining income from a net worth basis is to ascertain the taxpayer's "net worth," that is, his assets over and above liabilities, at the end of the taxing period, and deduct therefrom his net worth at the beginning of the period. In this case, there was apparently no difficulty in determining the defendant's net worth at the end of the period; that is, as of December 31, 1929, but the defendant contends that he has not been given credit by the government for his true net worth at the beginning of the period; that is, January 1, 1924. His counsel claim

that if the government would accept the defendant's statement and figures in this respect his actual tax liability would be not greatly more than was determined in 1929. This major dispute is not of itself directly relevant to the immediate question which relates particularly to the attempted evasion of tax liability for the year 1926. And, as to this the defendant admits his income tax for that year contained no income from gambling but does contend that the allocation to that year by the government of gambling income to the extent of $70,000 is arbitrary rather than accurate. However, he is not able to support this contention by facts or figures other than the general contention above stated that the whole of the additional assessment made by the government in 1931 is in fact excessive, although he is not in a position to definitely prove this as an affirmative matter by reason of absence of records, which he explains principally on the ground of the nature of his business, and particularly on the ground that such records as existed in the business were destroyed after the closing agreements in 1929. The substance of the contention therefore, as I understand it, on this point is that the defendant has acquiesced in the civil obligation for this large additional tax liability to avoid litigation, and urges that the admission of the civil liability should not be treated as evidence of intentional fraud in aggravation of the criminal liability established by the plea of guilty.

█ Another consideration advanced for leniency on behalf of the defendant is that he failed to include and pay the tax on his gambling income because of his belief that he was not required by law to do so, and, in support of this contention, his counsel refer to the case of Sullivan v. United States, 15 F.(2d) 809, where the Circuit Court of Appeals for this Fourth Circuit held by opinion filed October 19, 1926, that a taxpayer could not be required to report income from an illegal source by reason of the protection afforded by the Fifth Amendment to the Constitution against self-incrimination; although this decision was reversed by the Supreme Court on May 16, 1927, 274 U. S. 259, 47 S. Ct. 607, 71 L. Ed. 1037, 51 A. L. R. 1020. In this connection, it is urged that from October 19, 1926, to May 16, 1927, which period covered March 15, 1927, as of which time the defendant's income tax report for 1926 was required by law to be filed, the law of this circuit did not require the tax report to include income from illegal sources. It is most certainly true that there would be no criminality in failing to report income which the taxpayer personally believed on reasonable grounds not to be taxable. And if the defendant had in fact omitted this income in his March 15, 1927, report by reason of this decision of the Fourth Circuit Court of Appeals, either on his own knowledge of the decision or on legal advice with regard thereto, his action in so doing would seemingly have lacked criminality, and, in the circumstances, would doubtless have afforded very substantial ground for a defense to an indictment. But that situation is not presented in this case. The defendant was given the opportunity upon his plea to state personally and directly why he had failed to report his gambling income for 1926. And his answer was in substance that he thought he was not required to do so, and anyhow feared that to do so would get him into trouble. He frankly stated that he had personally never heard of the Sullivan Case. Although his income tax returns were prepared for some years, including the year 1926, by a Washington attorney, he had never sought any legal advice with respect to the inclusion or exclusion of his gambling income, and, inferentially, at least, stated that he had never informed his attorney of the existence of such income in connection with the income tax return. It is to be noted also that the defendant failed to make any report of his gambling income for the years 1924 and 1925, where his returns were made prior to the decision in the Fourth circuit in the Sullivan Case. It is to be further noted that, after the Sullivan decision by the Supreme Court, the defendant did not voluntarily make a supplemental return of his gambling income, and even when his attention must have been further directed to the matter in 1929, when his income tax returns for prior years were specially investigated by a revenue agent, he apparently did not make a full affirmative disclosure of his whole income for the year 1926, although it is stated by his counsel that he at that time referred the agent to La Fontaine-Stamm Company which was the source of his gambling income, and it is urged that the agents should have been able to ascertain the full information from this reference. When the defendant was asked what was the basis of his general understanding that he was not required to make a report of gambling income, he replied that

it was not based on legal advice, but only on general talk among his gambling associates. This of itself was obviously an insufficient basis for his action in this important matter, especially as he was consulting counsel annually about his income tax returns and never sought legal advice on the subject; and the defense suggested is intrinsically technical rather than meritorious. The decided weight of judicial authority for some years prior to 1927 held that income from illegal liquor business was taxable. United States v. Stafoff, 260 U. S. 477, 480, 43 S. Ct. 197, 67 L. Ed. 358; United States v. One Ford Coupe, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Steinberg v. United States (C. C. A.) 14 F.(2d) 564, and the Circuit Court of Appeals in the Sullivan Case so decided. The new point in that decision was only that the taxpayer could not be required to incriminate himself by reporting the source of his illegal income; and, as to this, the Supreme Court, in reversing, held in substance that protection of the Fifth Amendment could be secured by reporting the illegal income as "other income" without specifying the illegal nature of its source.

I necessarily reach the conclusion that while the considerations urged by the defendant might have been relevant on a plea of not guilty, they are both substantially foreclosed by the plea of guilty. I cannot put aside the controlling fact that the defendant, as a result of the controversy with the government, agreed not only to pay the tax in dispute, but also agreed to plead guilty in this case. This action seems to me quite inconsistent with the contention for leniency now urged. As I view the matter, the plea is not merely a confession of technical guilt, but is rather an abandonment of a technical defense to guilt. Intrinsically, therefore, it appears the essence of the case is simply that a gambler has, without legal basis, evaded the payment of income tax on gambling income. Doubtless his dominant motive in doing so was to avoid interference with his profitable gambling business rather than to defraud the government of revenue. But nevertheless the resultant act, whatever the motive, was in fact an attempt to defraud the government of taxes legally due.

I, therefore, reach the conclusion that from the public aspects of the case I am not justified in acting favorably on the request of defendant's counsel to limit the punishment in this case to a fine without imprisonment. It must not be forgotten that the main object of criminal punishment is, so far as possible, to *prevent* further crime. It seems to me that in a case of this nature a mere fine would not have this tendency. Nevertheless there are considerations in the case quite consistent with the plea of guilty which may properly be considered as affecting the extent of the imprisonment to be imposed. The defendant is 63 years of age. The offense itself was not accompanied with incidental aggravations. The defendant's appearance is unostentatious; his manner of living is apparently modest, and, apart from his admittedly illegal business activities, probably otherwise exemplary. Furthermore, I have definitely in mind that his plea of guilty relates only to evasion of tax for one year and in an amount small compared to the total additional tax liability, and that his attempted evasion of tax for that year appears to have been more in the nature of an omission than active misrepresentation. He has already incurred a heavy pecuniary penalty for many thousands of dollars imposed by the Commissioner of Internal Revenue and has paid or agreed to pay without contest the whole deficiency tax assessed against him for the years 1925 to 1929, inclusive.

Bearing in mind all these considerations, the sentence is a fine of $1,000, and imprisonment for nine months in jail.