Allerton CUSHMAN and Renee S. Cushman, Husband and Wife, Plaintiffs,

v.

Wilson WOOD, District Director of Internal Revenue, Phoenix, Arizona, Defendant.

Civ. A. No. 2276.

United States District Court
D. Arizona.

May 8, 1956.

McLane & McLane, Phoenix, Ariz., for plaintiff.

Jack D. H. Hays, U. S. Atty., Robert S. Murless, Asst. U. S. Atty., Phoenix, Ariz., for defendant.

McCOLLOCH, District Judge.

This cause having been heard on the plaintiffs' complaint, the defendant's answer, oral testimony and exhibits offered at trial, oral argument, and memoranda submitted by both parties, this

Court makes the following findings of fact and reaches the following conclusions of law:

### Findings of Fact.

1. Plaintiffs are residents of Phoenix, Arizona. During 1952 they occupied two of the elected offices of the Phoenix Senators Baseball Club, a corporation. Allerton Cushman was the President while Renee S. Cushman was the Vice-President. The remaining two offices were held by a Phoenix attorney, Riney Salmon, who was the Secretary, and Henry Goodman who was the Treasurer. In addition to the above officers, the corporation employed a General Manager named Chet Murphy, and an accountant, Frank E. Parsons.

2. Each of the above officers was a shareholder in the corporation. The stock owned by plaintiffs was first acquired in May of 1951.

3. The corporation, whose business was the operation of minor league baseball in Phoenix, lost large sums of money each year during which plaintiffs were shareholders and officers. It paid them no dividends or salaries. Instead the plaintiffs loaned $17,492.33 to the corporation during 1951 and 1952. The said loans were never repaid. Neither of the other two shareholders or officers loaned money to the corporation.

4. During 1952, the corporation's FICA (Social Security) and Withholding returns were prepared and filed by Mr. Frank E. Parsons who presented the returns and a check to Mr. Chet Murphy for signature. It was the duty and responsibility of Mr. Parsons, as the corporation's accountant, and Mr. Murphy, as its General Manager, to withhold and pay over FICA and Withholding taxes. The plaintiffs herein were not the disbursing officers of the corporation, and did not perform the function of preparing FICA and Withholding returns, collecting the taxes or paying them over.

5. In 1952, from January 1st through June 31st, the corporation duly paid the FICA and Withholding taxes to defendant. The sums due for each month were paid on or before the last day of the following month. Thus, on June 30, 1952, the FICA and Withholding taxes for the preceding month of May were paid over to the defendant. However, the payment of July 31, 1952 for the month of June was not made to defendant because the corporation went out of business on July 29, 1952, due to lack of funds. Likewise, when the payment of August 31, 1952, for the month of July was due, the same situation existed. In other words, the corporation could not pay the FICA and Withholding taxes for June and July of 1952 when they were due because there were no funds available to make such payments.

6. Subsequent to July 29, 1952, plaintiff Allerton Cushman, succeeded in selling the corporation's only remaining asset, a bus, for $1,500 which amount was paid over to defendant. After receipt of the said $1,500, the total amount of FICA and Withholding taxes remaining due to the defendant by the corporation was $2,020.22.

7. In September of 1954, defendant assessed the said amount of $2,020.22 against these plaintiffs under the purported authority of Section 2707(a) of the 1939 Internal Revenue Code, 26 U.S. C.A. § 2707(a). This sum of $2,020.22, plus interest of $123.93, was paid by plaintiffs as follows:

| | |
|---|---|
| On November 26, 1954 | $2,114.15 |
| On December 16, 1954 | 30.00 |
| Total | $2,144.15 |

8. Thereafter, on February 8, 1955, plaintiffs filed, on U. S. Treasury Form 843, a claim for refund of $2,144.15 plus interest as allowed by law. This suit was instituted by a filing of the complaint herein on August 11, 1955.

9. The plaintiffs were not the persons under a duty to perform the acts of paying, collecting, truthfully accounting for and paying over FICA and Withholding taxes to defendant.

10. Plaintiffs, even assuming they were under a duty to perform the acts set forth in paragraph 9 above, did not act or fail to act willfully insofar as those

acts are concerned. Their failure to pay over FICA and Withholding taxes was due to reasonable cause, and lacked evil intent or bad motive.

### Conclusions of Law.

1. The Court has jurisdiction over the parties and this cause.

2. Section 2707(a) of the 1939 Internal Revenue Code, under the alleged authority of which the assessment and collection herein was made, imposes a 100% penalty against "any person who willfully fails to pay * * * the tax" imposed by Section 2700. The said penalty applies to Social Security and Withholding taxes by virtue of Sections 1430 and 1627 respectively.

2. The word "person" appearing in Section 2707(a) is defined by Section 2707(d) as "an officer *or* employee of a corporation, * * * who as such officer, employee, * * * is under a duty to perform the act in respect of which the violation occurs."

■ 3. The term "willfully" as used in Section 2707(a) means without reasonable cause. It is used to characterize purpose or motive as distinguished from knowledge and intention. Kellems v. United States, 50–2 USTC par. 9489; 42 AFTR 1351. The interpretation is basically the same as is assigned to the word when it is used in a statute establishing certain conduct as being criminal. United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381; Spies v. United States, 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418; United States v. La Fontaine, D.C., 54 F.2d 371. Thus, the basic elements of willfulness are evil motive, lack of justification, bad purpose, or something done or not done without justifiable excuse.

4. This interpretation of the word "willfully" is consonant with that applied by the courts to willful conduct which is punished by a civil penalty. Felton v. United States, 96 U.S. 699, 24 L.Ed. 875; Carson Naval Stores Co. v. United States,

D.C., 29 F.Supp. 818; West Side Tennis Club v. Commissioner, 2 Cir., 111 F.2d 6, 130 A.L.R. 103; One 1941 Buick Sedan, etc. v. United States, 10 Cir., 158 F.2d 445.

5. Just as U. S. District Judge Hincks concluded in Kellems v. United States, supra, this view of the scope of the word "willfully" is buttressed by the very severe nature of the penalty set forth in Section 2707(a). It is twice as harsh as the penalty for a fraudulent return established by Section 3612(d) (2). And, as Judge Hincks also noted, when the penalty provided in Section 3612(d) (1) for failure to file a return does not apply when such failure is due to reasonable cause, it cannot easily be inferred that Congress intended to subject a taxpayer to a penalty twice as severe in a case where there exists reasonable cause for a failure to comply.

■ 6. Therefore, in light of the facts in this case, it is clear that the conduct of these plaintiffs was not willful insofar as any failure to pay, collect, or truthfully account for and pay over FICA and Withholding taxes is concerned. Furthermore, even if the Court accepted defendant's view that "willfulness" characterized knowledge and intention rather than purpose or motive, the facts of this case would still compel the same conclusion.

■ 7. However, there is another reason, as a matter of law, why plaintiffs are entitled to the refund sought. It is that neither of these plaintiffs fall within the meaning of the word "person" as used in Section 2707(a) because they were not the persons under a duty to perform the act in which the violation occurred.

8. Plaintiffs are entitled to a refund of $2,144.15 plus interest at the rate of six per cent per annum from the date or dates of payment thereof.

Judgment will be entered in accordance with the above Finding.