Aaron H. BERMAN, Plaintiff,

v.

Thomas A. SCANLON, Defendant.

The UNITED STATES of America, Intervenor and Third-Party Plaintiff,

v.

Thomas DENA, Third-Party Defendant.

No. 63–C–1215.

United States District Court
E. D. New York.

Sept. 25, 1967.

647

Berman & Tomaselli, by Elihu Berman, Freeport, N. Y., for plaintiff, Berman.

Mitchell Rogovin, Asst. Atty. Gen., Tax Division, United States Dept. of Justice, by David A. Wilson, Jr., Washington, D. C., for defendant, Scanlon.

Thomas Dena, Westbury, N. Y., for third party defendant.

MISHLER, District Judge.

This action consists of a claim for $2,732.28, which the plaintiff paid to the defendant as Collector of Internal Revenue for the First District of New York pursuant to an allegedly erroneous and illegal tax assessment, and a third-party claim by the government, as intervenor, seeking to hold the third-party defendant, in addition to the plaintiff, liable for the subject assessment. The amount in issue represents the total of withholding and social security taxes collected by Baybright, Inc. from its employees for the period from September 1, 1959 to December 31, 1959, which money was never remitted to the defendant. The assessment was made under section 6672 of the Internal Revenue Act of 1954, 26 U.S.C. § 6672 (1964).[1] The matter was tried to the court without a jury.

The plaintiff, Aaron H. Berman, is an experienced businessman, and the third-party defendant, Thomas Dena, is a

1. Section 6672 provides, in part, that:
Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax * * * shall

* * * be liable to a penalty equal to the total amount of the tax * * * not collected, or not accounted for and paid over. * * *

restaurateur who, prior to 1958, had owned and operated a restaurant known as "The Clam Box" in Westbury, New York. In 1958, Berman and Dena organized Baybright, Inc., a New York corporation formed to own and operate a restaurant known as "The Clam Box" at Sunrise Highway and Windsor Avenue in Brightwaters, New York. Dena became the corporation's president, Berman its secretary-treasurer, and both men were named as directors. There were no other officers of the corporation, and Dena and Berman were its only stockholders, the former holding the majority interest.

The existing structure on the property required renovations and alterations which cost more than $25,000, of which Dena contributed less than $1,000. The real estate itself was owned by the Elroy Construction Corporation, in which Dena and Berman were officers, directors and sole stockholders, but in which the latter held the majority interest. The majority stockholder in each corporation held the same proportionate share of the issued stock.

From March 11, 1959 to May 1, 1959, only Berman, in his capacity as secretary-treasurer, was empowered to sign checks on behalf of Baybright, Inc. (See, Government's Exhibits A and B.) Thereafter, between May 1, 1959 and November 3, 1959, either Berman or Dena could exercise such authority.

By November 3, 1959, however, Baybright, Inc. was in serious financial difficulties, and its stock was practically worthless. On that date, Berman resigned his positions as officer and director of Baybright, Inc., and conveyed his stock interest in that corporation to Dena. Simultaneously, Dena severed his connections with the Elroy Construction Corporation, and transferred his stock interest in that company to Berman.

The court finds that Berman completely dominated and controlled Baybright, Inc.'s financial affairs from the date on which the business was organized until November 3, 1959. While the day-to-day management of the restaurant was left to Dena, the ultimate determination of which creditors should receive priority was made by Berman.

■ Neither stock ownership nor the mere holding of a corporate office will subject one to liability for assessments under sections 6671 and 6672 of title 26. Campbell v. Nixon, 207 F.Supp. 826 (E. D.Mich.1962); Cushman v. Wood, 149 F.Supp. 644 (D.Ariz.1956). Such liability is only imposed upon those persons

(1) who are required to collect, truthfully account for and pay over the tax, and

(2) who willfully fail to perform their duty.

Botta v. Scanlon, 288 F.2d 504, 506 (2d Cir. 1961).

■ In other words, a person is properly assessed under the above sections if he is among those who possess "* * * the ultimate authority for the decision not to pay the tax * * *." White v. United States, 372 F.2d 513, 516 (Ct.Cl.1967). It is the officer (or officers) of a corporation who has the power to determine which creditors shall be paid out of available corporate funds and which shall not be paid who is a "* * * person required to collect, truthfully account for, and pay over any tax * * *" within the meaning of section 6672. White v. United States, supra; United States v. Graham, 309 F.2d 210, 212 (9th Cir. 1962); Bloom v. United States, 272 F.2d 215, 221–223 (9th Cir. 1959), cert. denied, 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960).

■ Although Dena might have shared some of this responsibility with Berman prior to November 3, 1959, the ultimate power rested with Berman. Upon Berman's disassociation with Baybright, Inc., however, Dena became solely responsible.

■ The court also finds that the conscious, voluntary payments to other corporate creditors constituted intentional preferences, and concludes that Berman is liable for those granted prior to November 3, 1959, and Dena for those granted subsequently. Their failures to

649

withhold were willful within the meaning of section 6672. Spivak v. United States, 370 F.2d 612, 615 (2d Cir.) cert. denied, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); United States v. Leuschner, 336 F.2d 246, 247–248 (9th Cir. 1964); Sherwood v. United States, 246 F.Supp. 502, 507 (E.D.N.Y.1965).

Accordingly, Berman may only recover that portion of the assessment which was based upon Baybright, Inc.'s failure to withhold payroll taxes on wages paid after November 3, 1959. He is the plaintiff in this action, however, and he must sustain the burden of proving the amount that he is entitled to reclaim. This can easily be established by mathematical computations from the corporate books. Of course, the determination of this question will also fix Dena's liability as third-party defendant.

Since the trial before the court was focused on the liability issue, Berman will be given an opportunity to present the necessary data. Unless the parties stipulate to the relevant amounts in the interim, the matter is set down for a conference for October 2, 1967 at 9:30 A.M., for the purpose of setting a date for the completion of the trial.

This memorandum of decision constitutes the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure.