**Robert G. DUDLEY, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 43198.**

United States District Court
N. D. California.

Nov. 7, 1967.

Heisler & Stewart, Carmel, Cal., with Francis Hesiler, Carmel, Cal., for plaintiff.

Cecil F. Poole, U. S. Atty., San Francisco, Cal., with Barbara Ashley Phillips, San Francisco, Cal., for defendant United States.

## MEMORANDUM OPINION

WOLLENBERG, District Judge.

Plaintiff has brought this action to recover funds in the amount of $3,734.24 assessed against and collected from him by the Internal Revenue Service as penalties under Title 26 U.S.C. Section 6672. The United States has counterclaimed for $9,258.37, representing the difference between the total amount assessed and the amount collected from plaintiff.

The assessment against plaintiff arose out of the alleged failure of plaintiff to collect and pay over to the Internal Revenue Service funds representing income and social security taxes withheld during the first two quarters of 1960 from employees of the Dudley Industrial Corporation of which plaintiff was the president and, along with his wife, owner of 90% of the stock.

The case was tried before this Court without a jury.

Section 6672, supra, requires that before a person can be assessed a penalty, it must be found that he is the person responsible for collecting, accounting for and paying over the taxes due from the corporation, and that he wilfully failed to do so. Bloom v. United States, 272 F.2d 215 (9th Cir. 1959) cert. denied 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960); United States v. Graham, 309 F.2d 210 (9th Cir. 1962).

Plaintiff does not dispute the fact that up until June 10, 1960, he was a person in charge of collecting, accounting for and paying over the withheld income and social security taxes of the Dudley Industrial Corporation. However, he argues that his failure to pay over the taxes was not wilful and that after June 10, he was no longer the person in charge within the meaning of Section 6672, supra.

With respect to the withheld taxes for the first quarter of 1960, plaintiff sought to prove that he mailed a check to the Service for the full amount on or about May 1, 1960; that due to a conspiracy among several inside employees and outside creditors, payment on that check was ordered stopped on or about June 10, 1960, without any authority from plaintiff or the board of directors or anyone else having authority to do so. In addition, he sought to prove that he was forced out of any effective control over the affairs of the corporation by the same group of conspirators when they arranged for the bank to cease honoring plaintiff's signature and when they arranged to lock him out of the Hemet plant.

Assuming the foregoing to be true, plaintiff would still not be exonerated from the Section 6672 penalty assessed for the first quarter of 1960. Plaintiff became responsible for the payment to the Government of funds withheld as soon as any further funds became available and these funds were used to pay creditors other than the Government, and upon the contingency that the corporation eventually failed to pay the taxes. In re Serignese, 214 F.Supp. 917 (D.Conn.1963); Tiffany v. United States, 228 F.Supp. 700 (D.N.J.1963). The evidence shows that as funds became available for payment of amounts withheld from employees, these funds were paid to creditors other than the Government, with the end result that the Government never received the funds withheld. Hence, plaintiff was contingently liable for taxes due for the first quarter of 1960 under 26 U.S.C. § 6672 long before the check to the Internal Revenue was dishonored and before the earliest date he was allegedly eased out of control over the corporation.

Plaintiff's argument that the wilfulness requirement of § 6672 amounts to something more than a

knowing preference of creditors other than the Government following the payment of net wages is without merit. He cites Kellems v. United States, 97 F. Supp. 681 (D.Conn.1951) and Cushman v. Wood, 149 F.Supp. 644 (D.Ariz.1956) in support of his argument that the wilfulness requirement requires a bad purpose or motive. This definition of "wilfullness" is expressly rejected in Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), wherein it was held that the wilfulness required by the predecessor of Section 6672 meant the intentional act of preferring other creditors of the corporation over the United States of taxes collected or withheld for its account. United States v. Leuschner, 336 F.2d 246 (9th Cir. 1964) reaffirms the holding of Bloom, supra.

Accordingly, this Court is of the opinion that plaintiff continued to pay other creditors through June 10, 1960 and therefore is charged with having wilfully failed to collect, account for and pay over to the Internal Revenue Service the taxes withheld from the employees through that date.

Plaintiff contends that after June 10, 1960, he was no longer in control of the corporation and hence cannot be the person who was responsible for accounting for and paying over withheld taxes. While there is some evidence tending to support plaintiff on this point, such as a bank signature card which authorized the signing of checks by plaintiff and one or more other persons only, the Court is of the opinion that the contrary evidence is more persuasive. Certain checks signed alone by plaintiff before June 10 were paid by the bank on or after that date. A proposed employment agreement between the corporation and D. Jersey Grut Company was approved and signed by plaintiff as president on June 20, 1960. Minutes and resolutions of the Corporation were signed and approved by plaintiff as president of the corporation on June 20, 1960. All of this evidence taken as a whole shows that plaintiff on June 20, 1960 was still acting as president of the corporation and was in control thereof contrary to his claim that he was locked out of the corporation.

For the above reasons, this Court finds that plaintiff was the person responsible for the collection, accounting, and paying over to the Government of withheld taxes and that plaintiff wilfully failed to collect, account for and pay over to the Internal Revenue Service the taxes withheld from the employees from January 1, 1960 to June 20, 1960.

Accordingly, plaintiff's claim for refund is denied, and defendants counterclaim for taxes withheld up and to June 20, 1960 is granted.

Defendant is to have judgment for costs of suit herein. Defendant is to prepare findings of facts, conclusions of law and judgment in accordance with this opinion.