Milton **PAISNER**, Plaintiff,

v.

John A. **O'CONNELL**, Defendant.

Civ. A. No. 2660.

United States District Court
D. Rhode Island.

Aug. 24, 1962.

Lester H. Salter, James R. McGowan, Providence, R. I., for plaintiff.

Raymond J. Pettine, U. S. Atty., Providence, R. I., C. Guy Tadlock, Tax Division, Jay E. Orlin, U. S. Dept. of Justice, Washington, D. C., for defendant.

DAY, District Judge.

In this action the plaintiff seeks a refund of the amount of penalties together

with interest thereon alleged to have been erroneously and illegally assessed against and collected from him by the defendant as District Director of Internal Revenue for the District of Rhode Island.

The material facts were stipulated by the parties and may be summarized as follows:

The Jewel Box, Inc., a corporation organized in 1949 under the laws of the State of Rhode Island, was engaged in the business of selling jewelry at retail within the meaning of Section 2400 of the Internal Revenue Code of 1939 during the period from December, 1952 through September, 1953. Said corporation collected the federal excise taxes due on jewelry sold by it at retail during the taxable periods ending December, 1952, April, 1953, May, 1953 and August, 1953, and filed timely returns on Treasury Form 720 showing the amounts of such taxes collected by it on said sales, but did not pay over the amounts so collected by it. The amounts so collected and reported were as follows:

| December, 1952 | $ 679.39 |
| April, 1953 | 385.57 |
| May, 1953 | 200.00 |
| August, 1953 | 316.02 |
| | $1,580.98 |

The Jewel Box, Inc. was placed in receivership in September, 1953, was thereafter dissolved, and never paid any of said excise taxes paid to it by the persons to whom it sold said jewelry at retail. During the taxable periods herein involved, the plaintiff was a stockholder of said corporation, its Treasurer and a full time employee thereof, and was a person under a duty to collect and pay over to the United States said federal excise taxes within the meaning of the term "person" as used in Section 2707 (d)[1] of the Internal Revenue Code of

1939. The plaintiff, having knowledge of the duty of said corporation to collect said taxes and pay them over to the United States, intentionally failed to pay them for the reason that he desired to pay other creditors first in order to continue the operation of the corporation's business. After such payments to other creditors of said corporation, there remained no corporate funds with which to pay over said taxes collected and reported, as aforesaid, and no compensation was paid to plaintiff for his services after June 23, 1952. On February 8, 1956, the defendant in a letter addressed to and received by the plaintiff, setting forth the account numbers, periods and amounts of taxes (in accordance with its returns) due from said Jewel Box, Inc., advised plaintiff that efforts to collect said taxes had proved to be unsuccessful and that it was proposed that the penalty prescribed by Section 1718(c) of the Internal Revenue Code of 1939 be assessed against him as the responsible officer of said corporation. He enclosed with said letter, for the signature of the plaintiff, a consent to the assessment and collection of penalties imposed by said Section 1718(c) equal to the amount of taxes required to be collected and not paid over to him by The Jewel Box, Inc. This consent set forth the periods and amount for which the penalties were to be assessed. In this letter the plaintiff was advised that if he did not agree to the assessment and collection of said penalties, he would at his request be given a hearing at which he might present his objections thereto together with "any additional evidence which you believe will sustain your position." He was also advised that if no reply was received from him within 10 days the penalties "will be assessed and you will receive notice and demand for payment of the tax, together with interest, at an early date. You may then file a claim for abatement

---

1. § 2707(d) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 2707(d) provides as follows:

"Section 2707. Penalties.

"(d) The term 'person' as used in this section includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs. 53 Stat. 290."

or pay the tax and file a claim for refund."

The stipulation of the parties fails to disclose whether or not plaintiff requested and received such a hearing, but it is clear he did not sign said proposed consent.

On April 30, 1956, the Commissioner of Internal Revenue within the period of limitations prescribed by Section 3312 of the Internal Revenue Code of 1939 caused timely 100% penalty assessments to be made against the plaintiff as proposed in said letter of February 8, 1956. In making said assessments the parties agree that it was his intention to record liabilities against the plaintiff as the responsible officer of The Jewel Box, Inc. who failed to pay over said federal excise taxes. Said assessment was recorded as follows:

"

Milton Paisner
706 Pontiac Avenue
Cranston, R. I.

23 C 4/30/56
Assessment For Periods
 Dec./52 17,427 '56
 April/53–May/53 & Aug./53
 Liability Incurred By The
 Jewel Box, Inc. Now Dissolved. Sec. 1718(c) IRC
 Invoked

| REF. AND DATE | DEBIT | CREDIT | BALANCE |
|---|---|---|---|
| April 30, 1956 | 1,580.98 | | 1,580.98" |

Through error said record of assessment indicated that said assessment of penalties was made pursuant to Section 1718(c) of the Internal Revenue Code of 1939 which provided a penalty for willful failure to pay over to the United States excise taxes collected on admissions and dues, a penalty the Commissioner never intended should be asserted against the plaintiff.

The plaintiff concedes that he was not misled in any way by said error of the Commissioner. On January 20, 1958, after the period of limitations for the assessment of penalties had expired, said record of assessment was corrected by lining out said reference therein to Sec. 1718(c) and substituting therefor Sec. 2707(a).[2] Under Section 2408 of the Internal Revenue Code of 1939 the penalty provisions of said Section 2707(a) were applicable in respect to taxes imposed by said Section 2400.

On March 7, 1958, plaintiff paid the sum of $100 on account of said penalties and thereafter made periodic payments thereon until April 24, 1959 when they were finally paid in full. The total amount, including interest paid by him, was $1,642.86.

On September 21, 1959, the plaintiff filed timely claims for refunds of the amounts so paid by him. After disallowance thereof by said Commissioner, this action was timely instituted.

 Plaintiff first contends that he is entitled to the relief he seeks herein because said assessment of April 30, 1956 was erroneous and illegal in that it invoked and was made under said Section

2. Said Section 2707(a) provides in pertinent part as follows:
 "§ 2707 Penalties
 "(a) Any person who willfully fails to pay, collect, or truthfully account for and pay over the tax imposed * * * shall, in addition to other penalties provided by law, be liable to a penalty of the amount of the tax * * * not paid, collected, or accounted for and paid over, to be assessed and collected in the same manner as taxes are assessed and collected. * * *"

1718(c) instead of said Section 2707(a) of said Code, and because said purported amendment of said record of assessment on January 20, 1958 was ineffectual, it being then barred by the limitation provisions of Section 3312 of said Code.

At the time of the making of said record of assessment on April 30, 1956, Section 7851(a) (6) (B) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7851(a) (6) (B) provided that the provisions thereof relating to assessment shall be applicable to all internal revenue taxes, including those imposed by the Internal Revenue Code of 1939. Section 6203 of the Internal Revenue Code of 1954 reads as follows:

"The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary or his delegate in accordance with rules or regulations prescribed by the Secretary or his delegate. Upon request of the taxpayer, the Secretary or his delegate shall furnish the taxpayer a copy of the record of the assessment."

Section 301.6203–1 of the Treasury Regulations on Procedure and Administration (1954 Code) reads in pertinent part as follows:

"Method of Assessment—The District Director shall appoint one or more assessment officers and the assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. * * *"

In my opinion said record of assessment complied substantially with the requirements of said Section 301.6203–1 of said Regulations. It indicated clearly that said assessment was made against the plaintiff for excise tax liabilities incurred by The Jewel Box, Inc., then dissolved, and recited the taxable periods for which said penalties were being imposed.

Moreover, plaintiff admits, as he must, that he knew the reason for the assessment of said penalties and that he was not in any way misled by said erroneous citation of Section 1718(c) as the authority for the imposition of said penalties upon him as the responsible officer of The Jewel Box, Inc. To hold under the facts of this case that the erroneous citation of said section of the Code in said record of assessment renders said assessment illegal and void would permit the technical to hold sway over the substantive for no sound reason. This I am unwilling to do. I concur with the view of Judge Dawson, who, in Wood Harmon Corporation v. United States, 1962, D.C. N.Y., 206 F.Supp. 773, rejected the contention of the taxpayer that a mis-description of the taxable period rendered an assessment invalid and said at page 777:

"There is no evidence that in paying the amount of the assessment that plaintiff was in any way misled by the description of the taxable period and therefore the variance in dates, if any, may be disregarded. See Scofield's Estate v. Commissioner, 266 F.2d 154, 167 [3 AFTR 2d 1054] (6th Cir. 1959). * * *"

See also Blansett v. United States, 1960, 8 Cir., 283 F.2d 474; Wilkins & Lange v. Commissioner of Internal Revenue, 1928, 9 B.T.A. 1127.

Plaintiff also contends that in any event his failure to pay over said excise taxes collected by The Jewel Box, Inc. was not "willful" within the meaning of said Section 2707(a) and hence he was not properly subject to the penalties provided therein. He maintains that as used in said section "willful" means not only voluntary, conscious and intentional conduct, but also "without reasonable cause" or "lack of justification." In support of this contention he relies primarily upon the cases of Cumberlander v. United States, 1961, D.C.Ind., 7 A.F.T.R.2d 1352; Cushman v. Wood, 1956, D.C. Ariz., 149 F.Supp. 644; and Kellems v. United States, 1950, D.C.Conn., 97 F. Supp. 681. The Government, on the other

hand, contends that plaintiff's failure to pay such taxes over to the United States was "willful" within the meaning of said section if his decision not to have The Jewel Box, Inc. pay them over was a voluntary, conscious and intentional act to prefer other creditors of said corporation over the United States. Bloom v. United States, 1959, 9 Cir., 272 F.2d 215; Paddock v. Siemoneit, 1949, 147 Tex. 571, 218 S.W.2d 428, 7 A.L.R.2d 1062. And it contends, further, that in any event the plaintiff's failure was "without reasonable cause." Frazier v. United States, 1962, 5 Cir., 304 F.2d 528. I am of the opinion that "without reasonable cause" is part of the civil test in determining whether the failure to pay said taxes was willful within the meaning of said Section 2707(a). Frazier v. United States, supra; Kellems v. United States, supra.

 At the outset, it must be borne in mind that the amounts of the taxes collected by The Jewel Box, Inc. were trust funds belonging to the United States. The Jewel Box, Inc. owned no part of them and had no beneficial interest in them. It was merely by law the agent of the United States for their collection and remittance. Hercules Service Parts Corp. v. United States, 1953, 6 Cir., 202 F.2d 938; United States v. Sampsell, 1951, 9 Cir., 193 F.2d 154; City of New York v. Rassner, 1942, 2 Cir., 127 F.2d 703; 26 U.S.C.A. § 3661;[3] (Internal Revenue Code of 1939).

While it may have been personally desirable from the viewpoint of the plaintiff that The Jewel Box, Inc., in which he had an investment as a stockholder and of which he was a full time employee, should continue in business with the hope that its financial condition would eventually improve, this objective was no justifiable excuse for his causing said corporation to violate the trust imposed upon it by law to pay said taxes over to the United States. He was admittedly aware at all times of his obligation as the responsible officer of said corporation to pay over said taxes so collected to the United States. His decision as such officer not to have said corporation pay said taxes over to the United States but instead to divert them to its corporate purposes was a voluntary, conscious and intentional act, done without reasonable cause or justifiable excuse. In my opinion his failure to pay said taxes over to the United States was "willful" within the meaning of said Section 2707(a) and accordingly, I conclude that he was properly subject to the penalties imposed upon and paid by him.

Judgment will be entered in favor of the defendant.

---

3. Title 26 U.S.C.A. § 3661 provides in pertinent part as follows:

"§ 3661. Enforcement of liability for taxes collected.

"Whenever any person is required to collect or witold any internal revenue tax from any other person and to pay such tax over to the United States, the amount of [such] tax so collected or withheld shall be held to be a special fund in trust for the United States. * * *"