Earl H. TIFFANY, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 470-62.

United States District Court
D. New Jersey.

Dec. 13, 1963.

MEANEY, District Judge.

Plaintiff, Earl H. Tiffany, Jr., through a holding company, in 1956 acquired all of the outstanding stock of Fairlawn News, Inc. and became publisher of a weekly newspaper bearing the name Fairlawn News, Inc. Plaintiff was the controlling stockholder of the holding stock company and the other stockholders were inactive.

From the very beginning plaintiff was aware that the financial problems of Fairlawn News, Inc. were pressing and constantly contributed cash funds in order to permit the operation of the newspaper to continue. The payments advanced were sufficient to meet the take-home pay requirements of the employees of the company.

Because of the deteriorating condition of the company the prior owner instituted suit to foreclose a chattel mortgage, and pressure from other creditors caused the filing of an involuntary petition in bankruptcy and the adjudication of Fairlawn News, Inc. as a bankrupt. One Martin Gross was appointed receiver by the Referee in Bankruptcy on December 11, 1957.

At the time of the appointment of the receiver, Fairlawn News, Inc. had paid federal withholding taxes for the first three quarters of 1957 and had made a deposit of $1,000.00 on account of withholding taxes for the month of October 1957. No further deposits were made on account of withholding taxes during November or the first eleven days of December, 1957.

The Treasury Department assessed against plaintiff a penalty in the amount of $4,393.52, plus interest of $454.36, an amount equal to the unpaid withholding and social security taxes due from Fairlawn News, Inc. for the last quarter of 1957. This the plaintiff paid and now seeks to recover a total refund in the sum of $4,850.88, including a $3.00 lien fee.

Lindabury, McCormick & Estabrook, by Francis X. McCormick, Elizabeth, N. J., for plaintiff.

David M. Satz, Jr., U. S. Atty., by Patrick H. Butler, Atty., Dept. of Justice, Washington, D. C., for the United States.

Plaintiff contends that he is not liable, on the following grounds:

1.  That he was not a responsible person as defined in 26 U.S.C.A.

section 6671(b), since he was only a part-time officer.

2. That he did not willfully fail to to collect and remit taxes as required by 26 U.S.C.A. section 6672.

3. Even conceding that he was a responsible person, defined in 26 U.S.C.A. section 6671(b), he was not such on the date for depositing withholding taxes and filing the quarterly return.

■ His assertion that he was not a responsible person, as defined in 26 U.S. C.A. § 6671(b), he justifies by reliance on the cases of Cushman v. Wood, D.C., 149 F.Supp. 644, and Kellems v. United States, D.C., 97 F.Supp. 681. In neither of these does his confidence seem to be well placed. In the Cushman case there was complete delegation of responsibility by the plaintiffs to an office manager and they participated in no way in the nonpayment action. In the instant case the plaintiff by his own admission exercised full authority with respect to the operation of Fairlawn News, Inc., signed checks for the corporation and in October 1957 replaced the general manager with a new general manager and had continually advanced sums of money to meet the take-home pay of the various employees of Fairlawn News, Inc. It would seem clear, therefore, that the plaintiff, with respect to the business operations during the period in question, was the "responsible person" in the meaning of the statute. Plaintiff relies on the Cushman and Kellem cases to support his contention that he neither willfully nor without reasonable cause failed to take the action required by the statute, these cases holding, according to his interpretation, that "willfully" means "knowingly, deliberately and intentionally with full realization that the law was being violated."

■ In response thereto the Government draws attention to the cases of In re Haynes, D.C., 88 F.Supp. 379;

Frazier v. United States, 5 Cir., 304 F.2d 528, and Bloom v. United States, 9 Cir., 272 F.2d 215, in which the courts are agreed that there need be no intent to defraud or deprive the United States of the taxes collected or withheld for its account in order to invoke the sanctions of section 2707(a) of the 1939 Internal Revenue Code, predecessor of the section involved herein. The consensus of these cases seems to be that where a responsible officer pays employees their net wage at a time when the corporation had insufficient funds to cover taxes thereon and, when such funds became available, preferred subsequent creditors over the United States, knowing at all times the obligation to pay such taxes, his failure to pay was a voluntary, conscious and intentional act and therefore "willful" within the meaning of 26 U.S.C.A. § 6672. In the instant case, after the withholding taxes became due, moneys which came into the hands of the company were paid out to suppliers of paper rather than being set aside for the obligations of the United States.

■ So far as the plaintiff's last argument is concerned, that he is not the person required to pay the taxes, since the receiver was in control of corporate affairs when the taxes were due, it has little merit. In re Serignese, D.C., 214 F.Supp. 917, supports the view that payment to employees made plaintiff inchoately or contingently liable for the penalty before adjudication, since the liability for paying withheld taxes does not accrue on the date for paying them. The taxpayer had eleven days in the early part of December in which to make the monthly deposit without incurring the penalty imposed by 26 U.S.C.A. § 6656. The amount in question is $4,850.88.

It is the opinion of this court and so holds that there will be judgment favorable to the Government, dismissing the complaint.

This opinion will serve as findings of fact and conclusions of law.

Let an order be submitted.