Walter J. LONG and Kenneth J. Mundt, Plaintiffs,

v.

Ernest W. BACON, District Director of Internal Revenue, Defendant.

Civ. No. 3–635–D.

United States District Court
S. D. Iowa,
Davenport Division.

Feb. 17, 1965.

**912**

Richard L. Stevens, Davenport, Iowa, for plaintiffs.

Donald A. Wine, U. S. Atty., Des Moines, Iowa, and Steven K. Cochran and A. C. Murphy, Dept. of Justice, Washington, D. C., for defendant.

STEPHENSON, Chief Judge.

This matter is now before the Court upon the issue of the form of judgment that should be entered against the plaintiff, Kenneth J. Mundt. On November 12, 1964, the Court at the close of plaintiffs' and defendant's evidence, sustained defendant's motion for a directed verdict finding against the plaintiffs upon their complaint and for the government upon its third party complaint. There being some question as to the extent of judgment against the plaintiff, Kenneth J. Mundt, the Court requested that briefs be filed. This having been done the Court decides the following:

The plaintiff, Mundt, resigned his position as an officer and director of Production Aids Corporation on June 18, 1959, and it was stipulated by the parties at the time of trial that he would not be liable for any penalty pertaining to taxes collected by that corporation after said resignation in the event a verdict was rendered for the government upon its third party complaint. Specifically, it was agreed that his liability would be reduced 12/90ths of the amount owed for the quarter in which he resigned. (Plaintiff Mundt resigned 12 days before the end of the second quarter which includes the months of April, May and June.) The only issue before the Court now is whether the plaintiff Mundt is liable for those taxes collected during the period from the beginning of the second quarter up to his resignation. Plaintiff contends that he is not, since he resigned prior to the final date when the quarterly return for the second quarter of 1959 was to be filed and the collected taxes were to be paid over to the government.

Once taxes are collected they become a trust fund in the hands of the employer. 26 U.S.C.A. § 7501. The liability for payment of taxes collected arises upon the collection of those taxes and not at the date when the statute requires that they be paid over to the government. See Tiffany v. United States, 228 F.Supp. 700, 702 (D.C.N.J. 1963); In re Serignese, 214 F.Supp. 917 (D.C.Conn.1963). Therefore, the Court finds that judgment should be entered against the plaintiff Mundt, as well as against the plaintiff Long, upon the penalty assessed for taxes collected in the second quarter of 1959 by Production Aids, but not yet paid over to the government. In accordance with the stipulation of the parties, however, the responsibility of the plaintiff Mundt for the payment of the penalty for the second quarter of 1959 will be appropriately reduced by 12/90ths

It is ordered that the defendant submit an appropriate judgment consistent with this Order.