Y. Sterling SEATON, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 2143.

United States District Court
W. D. Missouri, S. D.

March 18, 1966.

O. J. Taylor, of Neale, Newman, Bradshaw, Freeman & Neale, Springfield, Mo., for plaintiff.

F. Russell Millin, U. S. Atty., Calvin K. Hamilton, Asst. U. S. Atty., Kansas City, Mo., John M. Bray, Atty., Tax Div., Dept. of Justice, Washington, D. C., for defendant.

COLLINSON, District Judge.

Plaintiff had been an officer and employee of a corporation which failed to pay over certain social security and income taxes deducted from salaries paid its employees for the first quarter of the year 1962. The District Director as-

sessed a penalty against plaintiff in an amount equal to the taxes withheld claiming this was authorized by Int.Rev.Code of 1954, § 6672. This penalty was in the amount of $15,630.60. To test the validity of the assessment, plaintiff paid the portion attributable to taxes withheld from the salary of one employee, $87.45, and brought this action for refund of that amount and a declaratory judgment that the penalty assessed was erroneous, illegal, wrongful and without authorization. Defendant counterclaimed for the difference between the original assessment and the portion paid by plaintiff.

Plaintiff has moved for a summary judgment arguing that inasmuch as he resigned from his employment effective April 16, 1962, he was not a "person" under a duty to perform the act of paying because payment was due with the filing of the return, and this return is not required to be filed until the last day of the first calendar month following the period for which the return is being made; in this instance, April 30, 1962.

There is a fallacy in movant's reasoning caused by a misreading of the applicable Treasury Regulations.

Treas.Reg. § 31.6151–1(a) states that the tax "is due and payable to the District Director at the time prescribed in § 31.6071(a)–1 for filing such return." Treas.Reg. § 31.6071(a)–1(a) (1) provides that the return "shall be filed *on or before* the last day of the first calendar month following the period for which it is made." (Emphasis supplied)

Plaintiff would have us hold that the tax is due with the return, and since the return may be filed on the last day of the month following the quarter covered by the return, that the tax is not due and payable until that date. The only logical interpretation we can give the cited regulations is that the tax and return are due together *not later than* the last day of the first calendar month following the period covered by the return.

It necessarily follows that we must hold that the duty to pay the taxes in question arose, not on April 30, 1962, but, in the language of the applicable Regulation, "on or before" that date. The return under discussion was for the months of January, February and March of 1962, and it would have been possible to file it and pay the tax at any time before April 30, 1962. Since the duty existed prior to the effective date of plaintiff's resignation, his withdrawal from his employment does not preclude his being a person under a duty to perform the act of payment. Of course, he may be able to show some other basis for his belief that he was not such a "person," or that if he was, he did not act "willfully" within the meaning of that word as used in § 6672, but this is not before us at this time.

The motion for summary judgment is overruled.