J. A. NEWSOME, Jr., Plaintiff-
Appellee,

v.

UNITED STATES of America,
Defendant-Appellant.

No. 27613.

United States Court of Appeals,
Fifth Circuit.

July 8, 1970.

Rehearing Denied and Rehearing En Banc
Denied Sept. 10, 1970.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., John O. Jones, Tax Division, Dept. of Justice, Fort Worth, Tex., Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, William A. Friedlander, Jeanine Jacobs, Attys., Tax Div., Dept. of Justice, Washington, D. C., Carolyn R. Just, Atty., Dept. of Justice, Washington, D. C., for defendant-appellant.

Robert I. White, Robert L. Waters, Houston, Tex., for plaintiff-appellee; Chamberlain & Hrdlicka, Houston, Tex., of counsel.

Before RIVES, GOLDBERG and GODBOLD, Circuit Judges.

RIVES, Circuit Judge:

Newsome instituted this action against the United States for recovery of his partial payment of a penalty assessed against him under section 6672 of the Internal Revenue Code of 1954.[1] The assessments were against Newsome, as the responsible officer of New Wolf Construction Company (New Wolf), for willfully failing to account for and pay over the social security and federal income taxes withheld from New Wolf's employees during the fourth quarter of 1961

---

1. "§ 6672. *Failure to collect and pay over tax, or attempt to evade or defeat tax*

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

26 U.S.C.A.

($31,074.81) and the first quarter of 1962 ($7,724.25). The government counterclaimed for the balance due. The district court entered judgment for Newsome. Newsome v. United States, 301 F.Supp. 757 (S.D.Tex.1968). On appeal the government contends that the district court's holding—that Newsome's failure to account for and pay over the taxes withheld was not willful—is erroneous because contrary to standards of law applicable under section 6672.

The facts as found by the district court (301 F.Supp. 760, 761) are not questioned on appeal. Both parties accept the conclusion of the district court "that Newsome was a person within the meaning of §§ 6672 and 6671(b) of the Internal Revenue Code of 1954 up to and through February 14, 1962, but was not such a person thereafter" (301 F.Supp. at 761).[2]

The gist of the district court's decision is summarized in the concluding paragraph of its opinion:

"Viewing the record in this case as a whole, the Court is persuaded that Newsome did not wilfully fail to pay over the payroll taxes involved for the fourth quarter of 1961 and for January of 1962, in that he had reasonable cause for not paying such taxes because of his reliance upon the advice and information furnished by regularly employed accountants and attorneys, and he was not negligent in following such advice in that in following such advice he exercised the degree of ordinary care and prudence required of a man in his position and under the circumstances described."

Newsome v. United States, *supra*, 301 F.Supp. at 762.

This conclusion, the government argues, misapplies the standards applicable to Newsome's statutory duty to truthfully account for and pay over the taxes withheld from New Wolf's employees. The government contends that Newsome's failure to account for and pay over was "willful" within the meaning of section 6672. Its argument is twofold: (1) that before January 29, 1962, Newsome was "willful" when he permitted taxes withheld from employees' wages to be used by New Wolf to meet corporate expenses and obligations in the expectation that corporate receivables would be collected in sufficient amount to replace the expended withheld funds by the date for payment to the government; and (2) that Newsome was "willful" when he continued to use available funds to prefer other creditors after he was informed on January 29, 1962, that there were insufficient funds to remit the withheld taxes for the fourth quarter of 1961.

### I.

Where, as here, the employer has collected the tax by withholding from employees' wages but has failed to pay it over to the United States, the employees are credited with payment. Dillard v. Patterson, 326 F.2d 302, 304 (5 Cir. 1963); United States Fidelity & Guaranty Co. v. United States, 201 F.2d 118, 120 (10 Cir. 1952). Unless the government has recourse for collection of the taxes withheld or an equal sum, it must suffer the loss.

---

2. Sec. 6672 has been quoted in n. 1, *supra*. Sec. 6671 reads:

"*Rules for application of assessable penalties*

"(a) *Penalty assessed as tax.*—The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by

this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

"(b) *Person defined.*—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

26 U.S.C.A.

While the penalty imposed by section 6672 is distinct from and not in substitution of the liability for taxes owed by the employer,[3] it brings to the government only the same amount to which it was entitled by way of the tax. The Second Circuit has stated succinctly that the penalty "is simply a means of ensuring that the tax is paid." Botta v. Scanlon, 314 F.2d 392, 393 (2 Cir. 1963). Section 6672's "basic purpose is the protection of governmental revenue. * * * It provides a remedy to prevent the unnecessary loss of tax funds by permitting the 'taxing authority to reach those responsible for the corporation's failure to pay the taxes which are owing.'" Monday v. United States, 421 F.2d 1210, 1216 (7 Cir. 1970), and cases cited therein.

### Willful

It must be remembered, however, that while the corporation is absolutely liable for the taxes withheld from its employees, the penalty imposed upon its responsible officer or employee is only for his willful failure. The word "willful" is susceptible of many meanings. As noted by this Court in Frazier v. United States, 304 F.2d 528, 529 (5 Cir. 1962): "As with many such issues, the definition of 'willful' has been smothered with a maze of semantics." It has been consistently held by this Court and other courts that "willfully," as used in section 6672, does not require a criminal or other bad motive on the part of the responsible person, but simply a voluntary, conscious and intentional failure to collect, truthfully account for, and pay over the taxes withheld from the employees.[4]

In many of these cases, a responsible officer's "willfulness" is established by the knowing preference of other corporate creditors over the United States *after* the due date[5] for the corporation to remit the withheld taxes. However, liability under section 6672 can also be premised upon use of withheld funds for other corporate purposes *before* the date for the corporation to pay over the funds.

The taxes withheld from employees' wages are held by the corporation as a special fund in trust for the United States. Section 7501; see Monday v. United States, 421 F.2d 1210, 1214 (7 Cir. 1970); United States v. Hill, 368 F.2d 617, 621 (5 Cir. 1966).[6] Al-

---

3. Hewitt v. United States, 377 F.2d 921, 925 (5 Cir. 1967); Smith v. C. I. R., 294 F.2d 957 (5 Cir. 1961), aff'g Benjamin T. Smith, 34 T.C., 1100.

4. Monday v. United States, 421 F.2d 1210, 1216 (7 Cir. 1970); Gefen v. United States, 400 F.2d 476, 482 n. 7 (5 Cir. 1968); Hewitt v. United States, 377 F.2d 921, 924 (5 Cir. 1967); United States v. Hill, 368 F.2d 617, 622 (5 Cir. 1966); Scott v. United States, 173 Ct.Cl. 650, 354 F.2d 292, 295 (1965); Cash v. Campbell, 346 F.2d 670, 672–673 (5 Cir. 1965); Dillard v. Patterson, 326 F.2d 302, 304 (5 Cir. 1963); Frazier v. United States, 304 F.2d 528, 530 (5 Cir. 1962); Bloom v. United States, 272 F.2d 215, 223 (9 Cir. 1959). *See also* 8A Mertens, Federal Income Taxation § 47A.25a (1964). The most recent statement by this Court is in *Gefen*:

"We pause to restate the established principle that the term 'willful' for purposes of Section 6672 of the Code does not require a finding of intent to defraud or to deprive the United States of taxes. It requires only that the choice to pay funds to other creditors instead of the government be made voluntarily, consciously, intentionally, and without reasonable cause." 400 F.2d at 482 n. 7.

5. Under Treasury Regulations 31.6151–1(a) and 31.6071(a)–1, New Wolf was required to pay over the withheld taxes for the fourth quarter of 1961 "on or before" January 31, 1962.

6. Section 7501 reads as follows:

(a) *General rule.*—Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable

though section 7501 does not require a corporation to segregate the withheld taxes from its general funds,[7] it is clear that the withheld taxes are more than simply a debt of the corporation.

■ Since a corporation can act only through its agents—its officers and those designated by the officers—a corporate officer or agent has a duty to see that withheld funds are properly collected from the employees, are maintained during the quarter,[8] and are paid over to the government at the end of the quarter. This duty, for purposes of section 6672 liability, is a continuing one which arises when the federal income and social security taxes are withheld from employees' wages and ends when such funds are paid over to the United States.[9]

■ The responsible officer's actions before the due date for payment of the withheld taxes satisfies the "willfulness" requirement under section 6672: when the responsible officer (as defined by section 6671(b)) knows that the withheld funds are being used for other corporate purposes, regardless of his expectation that sufficient funds will be on hand on the due date for payment over

to the government. Of course, the officer is only liable under section 6672 if the corporation does not pay over the withheld taxes at the date prescribed in the regulations. However, he subjects himself to liability under 6672 when he voluntarily and consciously "risks" the withheld taxes in the operation of the corporation, and subsequently the corporation is unable to remit the withheld taxes.

One example of using withheld taxes for other corporate purposes would be when, at any time during the quarter, the responsible officer is aware that the amount of corporate funds is lower than the amount of taxes withheld for the quarter and allows, or has knowledge of, the corporation's continuing to pay other corporate creditors. See Part III, *infra*.

### Reasonable Cause

In defining the term "willfully" this Court, although other Circuits have held to the contrary,[10] has held that "reasonable cause" is part of the civil test in determining whether the failure to collect, account for, and pay over was willful.[11] Without attempting a precise def-

---

with respect to the taxes from which such fund arose."
Title 26, U.S.C.A.
It is clear from the legislative history and Treasury Regulations that "person" as used in section 7501 is the corporation (or other employer) collecting or withholding the taxes—not its officers. S.Rep.No.558, 73d Cong., 2d sess., p. 53, 1939 1 Cum.Bull. (Part 2) 586, 626; Treasury Reg. 301.6672–1.

7. The corporation is required to segregate the withheld funds in a separate bank account only when specifically requested by the government, Section 7512.

8. This would encompass depositing withheld payroll taxes in a federal reserve bank as required by Treasury Regulation 31.6302(c)–1.

9. *See* Scott v. United States, 173 Ct.Cl. 650, 364 F.2d 292, 295 (1965) ; Long v. Bacon, 239 F.Supp. 911, 912 (S.D. Iowa 1965).

10. Monday v. United States, 421 F.2d 1210, 1216 (7 Cir. 1970); see 22 A.L.R. 3d 88–89 (1968).

11. Gefen v. United States, *supra* ; Cash v. Campbell, *supra* ; Frazier v. United States, *supra*. We included the "reasonable cause" element in the meaning of "willfully" in *Frazier*:
"We are of the opinion that 'without reasonable cause' as used in the Grandquist [sic] and Kellems cases is part of the civil test in determining whether the failure to pay was willful. * * * For the present we need only hold that in a civil case where a responsible officer paid employees their net wages at a time when the corporation had insufficient funds to cover the taxes thereon and, when such funds became available, preferred subsequent creditors over the United States, knowing at all times his obligation to pay such taxes, his failure to pay was 'without reasonable cause' and 'willful' within the meaning of section 6672."
304 F.2d at 530.

inition, we point out only that, in order to further the basic purposes of section 6672, see p. 4, *supra*, reasonable cause should have a very limited application. See cases cited in note 12, *infra*.

## II.

After defining "reasonable cause" as "the failure to exercise ordinary care and prudence in connection with his actions," the district court concluded that Newsome

"* * * had reasonable cause for not paying such taxes because of his reliance upon the advice and information furnished by regularly employed accountants and attorneys, and he was not negligent in following such advice in that in following such advice he exercised the degree of ordinary care and prudence required of a man in his position and under the circumstances described."

301 F.Supp. at 762. Without giving approval to the court's definition of reasonable cause, we conclude that, under any circumstances, the "advice and information" which Newsome received from New Wolf's accountants and attorneys do not constitute reasonable cause for his failure to account for and pay over the withheld taxes.

The district court's finding of Newsome's reliance upon advice and information of New Wolf's accountants is apparently a reference to the June-November 1961 financial statements received by Newsome on December 27, 1961. New financial statements prepared at the direction of New Wolf's bank in March 1962 reflected that the statements prepared in December had overstated accounts receivable as of November 30, 1961 by approximately $100,000. Although it is not clear from the district court's opinion, the court's finding is premised upon the following: Newsome, after examining the financial statements on December 27, 1961, believed New Wolf would collect a sufficient amount of receivables to remit the withheld taxes for the fourth quarter of 1961, even

though the balance sheet also reflected "cash on hand and in banks" as $7,737.-59 and withheld income and payroll taxes as approximately $20,700. If the accounting firm had not overstated the amount of trade receivables, New Wolf would not have paid its creditors from December 27 through January 1962 until sufficient funds were received and the withheld taxes were paid.

The above circumstances do not constitute a "reasonable cause" for Newsome's failure to account for and pay over the withheld taxes. Whether or not Newsome believed New Wolf had a sufficient amount of outstanding trade receivables, as of the end of the quarter, to pay the withheld taxes demonstrates only the absence of an intent to deprive the government of funds owed by New Wolf. We have previously pointed out that the element of "willfulness" does not require an intent to deprive the United States of its taxes. Gefen v. United States, *supra*, 400 F.2d at 482 n. 7; Dillard v. Patterson, *supra*, 326 F.2d at 304.

The district court's finding that Newsome relied upon the advice of New Wolf's attorney is apparently in reference to (i) the attorney's assistance in drafting a letter to the District Director and (ii) the attorney's advice on February 9, 1962 that Newsome should execute a chattel mortgage in favor of its bank. We conclude that the district court erred in holding that (i) and (ii) constituted reasonable cause for Newsome's failure to account for and pay over the withheld taxes.

In assisting Newsome to draft a letter, explaining the delay in payment to the District Director, the attorney's only advice was that Newsome send in Form 941 without payment (unless he was certain that sufficient funds were in the bank to cover the check) with the explanation that the delay was due to New Wolf's failure to collect certain receivables and that payment would be made within ten days. Newsome was not advised, nor did he interpret the advice as meaning, that he had been justified in using withheld taxes during December

and January to pay other creditors or that he should continue to pay creditors with funds then available or that might become available instead of paying the government. In urging Newsome to execute a chattel mortgage on certain New Wolf equipment in order to renew a note, the attorney did not advise Newsome that he could prefer the bank over the United States without subjecting himself to section 6672 liability. Although we will not attempt to explore the outer boundaries of "reasonable cause," we think it clear that the information furnished by the attorney did not constitute "reasonable cause." [12]

### III.

In addition to our conclusion that the advice of New Wolf's accountants and counsel does not constitute "reasonable cause," we hold that Newsome "willfully" failed to pay over the taxes due and thus is liable under section 6672 for the taxes withheld by New Wolf during the fourth quarter of 1961.

On December 27, 1961, Newsome examined financial statements prepared by New Wolf's accountants, including a balance sheet as of November 30, 1961. Although the statements reflected that current assets ($345,266.58) exceeded current liabilities ($302,035.39), "cash on hand and in banks" was $7,739.59 and withheld payroll taxes were approximately $20,700 (withheld income taxes—$17,090.87; withheld F.I.C.A. taxes—$3,643.14). Thus, as of December 1, either taxes withheld from employees' wages had been used for other purposes or net wages had been paid at a time when New Wolf had insufficient funds to cover the taxes thereon. During December New Wolf made regular payroll payments. The mid-December deposit [13] for its November withholding amounted to only $2,169.65. As of December 29, 1961, New Wolf's bank statement reflected a balance of $2,073.-15. With knowledge of these facts, which reflected a substantial amount of withheld taxes but only a small amount of funds, Newsome permitted New Wolf to pay its creditors during the month of January, apparently under the expectation that New Wolf would collect a sufficient amount of receivables to remit the withheld taxes by January 31, 1962.[14]

Under these circumstances, Newsome's conduct amounted to a voluntary, conscious and intentional action to use the withheld taxes for payments to other corporate creditors with the ultimate result of nonpayment to the government.[15]

---

12. The term "reasonable cause" has been interpreted as advice by counsel under certain circumstances not to pay the withheld taxes as they became due, Cash v. Campbell, 346 F.2d 670, 672–673 (5 Cir. 1965); advice of non-collection by attorney and tax collector, Grey Line Co. v. Granquist, 237 F.2d 390 (9 Cir. 1956); advice by counsel that there was no tax liability, Cross v. United States, 204 F. Supp. 644, 649 (E.D.Va.1962.) The following have been held *not* to constitute "reasonable cause": assumption that government would satisfy its tax claim out of another fund, Cash v. Campbell, 346 F.2d 670, 671 (5 Cir. 1965); mere delegation of responsibility to another, Lawrence v. United States, 299 F.Supp. 187, 191 (N.D.Tex.1969); a presumption that the government will look elsewhere for its taxes, Spiegel v. United States, 65–2 U.S.Tax Cas. ¶ 9655 (N.D.Ga.1965); the expectation that financial condition of business will improve, Paisner v. O'Connell, 208 F.Supp. 397, 401 (D.R.I.1962). *See also* Frazier v. United States, 304 F.2d 528, 530 (5 Cir. 1962).

13. These deposits were made pursuant to section 6302(c) and Treas.Reg. 31.6302 (c)–1.

14. New Wolf's bank statement for January 1962 shows that deposits were made during January in the amount of $64,-011.60.

15. Although the last date for payment of the withheld taxes to the government for the fourth quarter of 1961 was January 31, 1962, preference of other corporate creditors over the United States can occur before this last date for payment. *See* White v. United States, 178 Ct.Cl. 765, 372 F.2d 513, 521 (1967); Scott v. United States, 173 Ct.Cl. 650, 354 F.2d 292, 295 (1965); Hewitt v. United States, 377 F.2d 921, 923–924 (5 Cir.

After Newsome was informed on January 29, 1962 that New Wolf had insufficient funds to remit the withheld payroll taxes for the fourth quarter of 1961, he signed and distributed checks amounting to $410.37, and distributed checks which were signed before January 29 in the amount of $1,862.54 (one of which was a payroll check for himself in the amount of $498.25). These payments clearly constitute a voluntary, conscious and intentional choice to prefer other creditors of New Wolf over the United States. See cases cited in note 4, *supra.*

The district court erred in entering judgment in favor of Newsome against the United States for the amount of Newsome's partial payment of the penalty, $28.00, and in further adjudging that Newsome is not liable in any amount on the government's counterclaim. The judgment is therefore reversed and the cause remanded.[16]

Reversed and remanded.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

On petition for rehearing Newsome's attorneys state: "On these facts, the Court's opinion, reversing the district court, imposes personal liability on Newsome for the payroll taxes withheld for the fourth quarter of 1961 in the amount of approximately $31,000." That is not accurate. The amount of the judgment was left to be determined on remand. (See footnote 16 at close of original opinion.)

As their first point, petitioner's attorneys urge: "The Court has patently erred in construing Section 7501 [of Title 26, U.S.C.] to create a trust fund of withheld taxes." They argue in support as follows:

"Section 7501 provides, as was provided in the original enactment in 1934, that withheld taxes 'shall *be held to be* a special fund in trust for the United States.' It is crucial to note that the statute says such taxes 'shall be held *to be* a special fund in trust' not 'shall be held *as* a special fund in trust.' The difference in language was intentional, for the predecessor of Section 7501 was enacted for the explicit purpose of providing the United States with a priority in an insolvency proceeding, the language being explicitly directed to courts involved in those insolvency proceedings, i.e., cash in an amount equal to the withheld taxes shall 'be held [by the courts] to be a special fund in trust,' and, upon that basis the United States would have a prior claim." (Emphasis is that of petitioner's attorneys.)

■ This argument is startling. We had not thought that Congress either would or could direct the courts what to hold, and we remain far from convinced. The normal way for Congress to accomplish any such purpose would be actually to impress the withheld taxes with a trust in favor of the United States. The legislative history of Section 7501(a) confirms that this was precisely what the Congress intended to do. That history was well stated by Judge Hastings for

1967). *See also* Seaton v. United States, 254 F.Supp. 161 (W.D.Mo.1966); Long v. Bacon, 239 F.Supp. 911 (S.D.Iowa 1965); Tiffany v. United States, 228 F.Supp. 700 (D.N.J.1963).

16. The amount of judgment to which the government may be entitled on its counterclaim depends upon questions of law or of both law and fact not yet determined by the district court and, hence, not ripe for our consideration, for example: (1) whether the penalty provided by section 6672 is the same whenever there has been *any* willful failure to collect, or truthfully account for and pay over any part of the tax, or depends upon the amount which the responsible officer has willfully failed to collect, account for, and pay over, and if the latter, then (2) whether Newsome carries his burden of proving that the amounts of the assessments are excessive, Horwitz v. United States, 339 F.2d 877, 878 (2 Cir. 1965).

the Seventh Circuit in In re Halo Metal Products, Inc., 1969, 419 F.2d 1068, 1072:

"The Senate Committee Report, S.Rep. No. 558, 73d Cong., 2d Sess., p. 53, noted:

" 'Under existing law the liability of the person collecting and withholding the taxes to pay over the amount is merely a debt, and he cannot be treated as a trustee or proceeded against by distraint. Section [7501(a)] * * * impresses the amount of taxes withheld or collected with a trust and makes applicable for the enforcement of the Government's claim the administrative provisions for assessment and collection of taxes.'

The Conference Report, H.Conf.Rep. No. 1385, 73d Cong., 2d Sess., p. 32, reflected the same purpose:

" 'This amendment impresses taxes collected or withheld with a trust in favor of the United States and makes applicable for the enforcement of the Government's claim the administrative provisions applying to the assessment, collection, and payment of taxes.' "

Our original opinion (footnote 6) pointed out that the legislative history (and Treasury Regulations) also made clear "that 'person' as used in section 7501 is the corporation (or other employer) collecting or withholding the taxes— not its officers. S.Rep.No. 558, 73d Cong., 2d sess., p. 53, 1939 1 Cum.Bull. (Part 2) 586, 626; Treasury Reg. 301.-6672–1." at 745. As to the "willfulness" requirement, we held that the responsible officer "subjects himself to liability under 6672 when he voluntarily and consciously 'risks' the withheld taxes in the operation of the corporation, and subsequently the corporation is unable to remit the withheld taxes." at 746.

In their point 2, petitioner's attorneys attack that holding as follows:

"Restated, until the instant decision, all courts of appeals have consistently held that there can be no willful failure to pay over payroll taxes to the Government unless (1) the corporate officer knows he is put to a choice of paying either general creditors or the Government in circumstances where he knows the corporation cannot pay both and (2) that officer then decides to pay general creditors."

Similarly in their point 3, petitioner's attorneys urge: "The prior decisions of this Court, heretofore cited, with clarity and uniformity established that a willful failure under Section 6672 involves a conscious preference of another creditor over the Government."

The attorneys are simply mistaken. It is true that a conscious preference of another creditor over the United States is the usual way by which a "person" becomes liable for the penalty prescribed by Section 6672. In such cases only the third and final step described in the statute, failure "to pay over the tax," is necessarily involved. The statute covers also the failure (1) "to collect such tax" and (2) "to truthfully account for" the tax so collected. If a "person" willfully fails to perform either (1) or (2), then there is no money to pay over. Hence, if Section 6672 is so construed as to limit liability for the penalty to a willful failure to pay the tax, the result in cases where there had been a failure to perform either (1) or (2) would be like locking the door of an empty garage.

Contrary to the argument of petitioner's attorneys, this is not the first decision in which the trust fund theory of Section 7501 has resulted in liability under Section 6672. E.g., see United States v. Hill, 368 F.2d 617, 621 (5 Cir. 1966); Monday v. United States, 421 F.2d 1210, 1211, 1214 (7 Cir. 1970).

We find no merit in Newsome's petition for rehearing. The Petition for Rehearing is denied and the Court having been polled at the request of one of the members of the Court and a majority of the Circuit Judges who are in regular active service not having voted in favor of it (Rule 35, Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12), the Petition for Rehearing En Banc is also denied.