Harold E. CAUSEY, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 87–36–3–MAC (WDO).

United States District Court, M.D. Georgia, Macon Division.

April 13, 1988.

Thomas C. James, III, Macon, Ga., for plaintiff.

Michael J. King, Dept. of Justice, Washington, D.C., Frank L. Butler, III, Macon, Ga., for defendant.

## ORDER

OWENS, Chief Judge.

In this tax penalty case, both plaintiff Harold E. Causey and defendant United States of America have filed motions for summary judgment. This court held an evidentiary hearing on November 24, 1987,

in order to determine whether there was any facts in controversy that would prevent the granting of either of these summary judgment motions. Both sides have had an opportunity to submit any additional evidence they consider to be relevant, as well as all legal precedent they wish to rely upon. Their motions, therefore, are now ripe for decision.

## I. 26 U.S.C. § 6672

The government in this case seeks to recover from Mr. Causey the penalty provided for by 26 U.S.C. § 6672.[1] Under this section of the Internal Revenue Code an officer or employee of a corporation or an employee or member of a partnership, or any other person, who is responsible for collecting, accounting for, and paying over withholding taxes and who "willfully" fails to do so, or who "willfully" attempts in any manner to evade or defeat the tax or the payment of the tax, may be held personally liable for a civil penalty equal to the amount of the tax evaded, or not collected, or not accounted for and paid over to the government. In order to utilize this statute, then, the government must demonstrate that the person assessed was a person responsible for the payment of federal income and FICA taxes who, without reasonable cause, willfully failed to collect, account for or pay over the taxes to the Internal Revenue Service. *See Howard v. United States*, 711 F.2d 729 (5th Cir.1983). The court must first decide, therefore, whether and to what extent the uncontroverted evidence in this case demonstrates that Mr. Causey was a "responsible person."

## A. Responsible Person

A responsible person within the meaning of section 6672 includes an officer or employee of a corporation who is under a duty to collect, account for, or pay over

the withheld tax. Responsibility is a matter of status, duty and authority, not knowledge. *See Thibodeau v. United States*, 828 F.2d 1499, 1503 (11th Cir.1987). Indicia of responsibility includes the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees. *Id.* In addition, more than one person may be a responsible officer of the corporation under section 6672. *Id.*

The government contends in this case that the uncontroverted evidence of record demonstrates as a matter of law that Mr. Causey was a responsible officer. Mr. Causey, on the other hand, contends that this same evidence demonstrates that he was not a responsible officer as a matter of law. In order to resolve this dispute, the court makes the following findings of undisputed fact:

(1) WOF Enterprises, Inc. was a corporation set up in March of 1976. The president and sole shareholder of WOF Enterprises, Inc. for all relevant times was Marie Hickman, also known as Marie Addleton.

(2) WOF Enterprises did business as and was known as Marie's Restaurant. The restaurant was originally located at 2275 Riverside Drive, Macon, Georgia.

(3) In July of 1981, Mr. Harold Causey sold a building and land located at 1015 Riverside Drive to WOF Enterprises so that Marie Addleton could build a new and larger restaurant at that location.

(4) Mr. Causey got $25,000 in cash and a $100,000 note for the property. He also got a security interest in the property to secure the $100,000 debt.

(5) Mr. Causey thereafter subordinated his security interest in favor of a lien filed by First Federal Savings & Loan Association in order to allow Ms. Addleton to get money to renovate the building.

---

**1.** This section provides:

(a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the

payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

(6) In January of 1983, Mr. Causey learned of financial difficulties that Ms. Addleton was having. He found out that Ms. Addleton's business was about to be closed as a result of a debt owed to the Internal Revenue Service.

(7) Recognizing that such a result would prevent him from recouping any of his investment, he offered to go with her to the IRS to see whether some arrangement could be worked out. He was given power of attorney on February 7, 1983, by Ms. Addleton so that he could speak for the corporation. Following this meeting, it appears that some payments were made to the IRS, and the IRS did not take any action at that time.

(8) In May of 1983, the IRS levied upon the restaurant's bank accounts. Again faced with the possibility that he might not be able to recover any of his investment, Mr. Causey offered to help Ms. Addleton out of her dilemma with the IRS by providing new funds for the operation of the business. In return for these funds, Mr. Causey required Ms. Addleton to hire an experienced manager. The evidence on this point is that Mr. Causey exercised significant control in the hiring of this manager. Mr. Jerry Adamczyk was located by Mr. Causey and eventually hired into the management position.

(9) Mr. Causey later, on May 31, 1983, negotiated a settlement with the IRS to prevent them from foreclosing on the business.

(10) Mr. Causey then set up two management accounts in the name of Riverside Management. Mr. Causey was authorized to sign checks on both of these accounts. The evidence on this point further demonstrates that these accounts were set up to conduct and run the restaurant business. They were also used for the purpose of allowing Ms. Addleton to be able to continue to accept certain credit cards at the restaurant.

(11) Mr. Causey personally paid a number of bills from these accounts at the end of May and the first part of June. His signature is also on two checks dated Sep-tember 27, 1983, and when one account was closed, the proceeds were sent to him.

(12) The evidence further shows that Mr. Causey exercised significant control over Mr. Adamczyk during this period. He met a number of times with Mr. Adamczyk to discuss the restaurant situation and the problems it had with paying bills.

(13) Mr. Causey maintained an option to purchase 51% of WOF Enterprises, Inc.'s stock for $2,500.

(14) Mr. Causey arranged for a creditors meeting to discuss the creation and ownership of the Riverside Management Company that was to provide for efficient and proper operation of Marie's Restaurant and Lounge.

(15) Mr. Causey's administrative assistant, Kathy Wilburn, was also authorized to countersign checks drawn on the Riverside management accounts. Her duties included the monitoring of expenses being paid on these accounts.

After hearing this evidence, it is clear to the court that Mr. Causey originally intended only to be a creditor of WOF Enterprises, Inc., with the eventual hope that one day he could exercise his stock option in the company. But as more and more difficulties arose in the operation of the business, Mr. Causey began to recognize that his investments were subject to being lost if something was not done to improve the business of the restaurant. In attempting to protect his investment, however, Mr. Causey became essentially a partner in the business, controlling the assets of the corporation and dictating management decisions through Jerry Adamczyk, who he expressly required to be hired. It is clear that Mr. Causey had the ability to take over control of the company at any time by exercising his stock option. In addition, he could have closed the business simply by foreclosing on the debt owed to him. This power to control the ultimate destiny of the company allowed him to influence the day-to-day operations of the business. Further, while his actions were motivated by good intention, it does not change the ultimate fact that Mr. Causey became a "responsible person" through the exercise of these pow-

ers. *See Werner v. United States,* 374 F.Supp. 558 (D.Conn.1974), *aff'd,* 512 F.2d 1381 (2d Cir.1975); and *Haffa v. United States,* 516 F.2d 931 (7th Cir.1975) (section 6672 liability is not limited to those who occupy formal corporate office or traditional employee status, rather it extends to all persons who assume significant control of the disbursal of funds by the debtor corporation). The court, therefore, concludes that the undisputed evidence of record demonstrated that Mr. Causey was a responsible person as a matter of law under section 6672, and that Mr. Causey, by reason of this undisputed evidence, cannot prove his lack of responsibility in this instance.

### B. Willfulness

■ The willfulness determination is normally reserved for a jury because the evidence on this issue is necessarily directed to the state of the responsible person's mind—a subjective determination. *See Thibodeau,* 828 F.2d at 1505. "Willfully" has been defined as meaning, in general, "a voluntary, conscious and intentional act." *Id.* While the issue is factual in nature, if the responsible person does not sufficiently controvert the facts supporting a finding of willfulness, summary judgment on section 6672 liability is appropriate. *See Mazo v. United States,* 591 F.2d 1151, 1157 (5th Cir.), *cert. denied,* 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979). Unrebutted evidence that the responsible person had knowledge of payments to other creditors after he was aware of the failure to pay withholding tax is sufficient to support summary judgment on the question of will-

fulness. *Id.* The willfulness requirement is also met if the responsible officer shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government." *Thibodeau,* 828 F.2d at 1505. Irrespective of whether a responsible person disburses the withheld taxes *before* or *after* the due date, the conduct is considered willful. *Id.*[2]

■ In this case looking only at the Riverside Management accounts, the undisputed evidence indicates the following activity. The Trust Company Bank of Middle Georgia account, No. 3601008034, from June through November of 1983 was debited in excess of $37,000. Mr. Causey was authorized to sign on this account. The undisputed evidence further shows that from May through October, 1983, the Citizens & Southern National Bank account, No. 001–00–073, was debited in excess of $77,000. Mr. Causey was authorized to sign on this account as well. In addition, Mr. Causey signed checks on the C & S account totalling over $19,000. He also received a final debit of $444.12 when this C & S account was closed.

It is clear from these facts that the amounts disbursed from just these two accounts were well in excess of the tax liability assessed against Mr. Causey, and that these same funds could have been used to extinguish the outstanding debt with the IRS. The payment of these funds to creditors other than the IRS constitutes sufficient evidence on its own to find "wilfulness" as a matter of law. Furthermore, it is clear that given Mr. Causey's attendance at the meetings with the IRS, he was well

**2.** In *Thibodeau,* the Eleventh Circuit stated:

In many of these cases, a responsible officer's "willfulness" is established by the knowing preference of other corporate creditors over the United States *after* the due date for the corporation to remit the withheld taxes. However, liability under section 6672 can also be premised upon use of withheld funds for other corporate purposes *before* the date for the corporation to pay over the funds.

\*　\*　\*　\*　\*　\*

The responsible officer's actions before the due date for payment of the withheld taxes satisfies the "willfulness" requirement under section 6672: when the responsible officer ...

knows that the withheld funds are being used for other corporate purposes, regardless of his expectation that sufficient funds will be on hand on the due date for payment over the government. Of course, the officer is only liable under section 6672 if the corporation does not pay over the withheld taxes at the date prescribed in the regulations. However, he subjects himself to liability under 6672 when he voluntarily and consciously "risks" the withheld taxes in the operation of the corporation, and subsequently the corporation is unable to remit the withheld taxes. *Id.* at 1505–06 (quoting *Newsome v. United States,* 431 F.2d 742, 745–46 (5th Cir.1970).

aware of past problems WOF Enterprises had in withholding federal employee taxes. As a responsible person of that corporation, he had a duty to insure in the future that the employee taxes would be remitted to the government prior to the payment of any other expenses. His failure to take any action in this regard constitutes "reckless disregard" of his duty. He is, therefore, liable as a matter of law for the section 6672 penalty during the periods that he was a responsible person.

### 1. First Quarter

 While the court has found Mr. Causey to be a responsible person, it further finds that he did not become such a person until the second quarter of 1983. Faced with possible foreclosure, it was at this time that Mr. Causey began taking a greatly increased role in protecting his investment. Prior to this time, he simply occupied the status of an unpaid creditor and was not responsible for the handling of WOF Enterprises' finances. Accordingly, he is not liable for any 6672 penalty resulting from taxes not withheld in the first quarter of 1983.

### 2. Fourth Quarter

 There is also some question in this case as to what effect the filing of bankruptcy had in relieving Mr. Causey from liability under section 6672. WOF Enterprises, Inc. filed for Chapter 11 relief on October 31, 1983. The fourth quarter taxes were not due until December 31, 1983. While the case law appears to indicate that the intervening bankruptcy proceeding does not affect the duty of a responsible person to pay over withholding taxes, where the bankruptcy action itself extinguishes the responsible person's authority to direct payment of the taxes, taxes that accrue after the filing of bankruptcy cannot be charged to that person because he no longer maintains the authority that made him a responsible person in the first place. In the instant dispute, the court is

persuaded that once WOF Enterprises, Inc. filed for protection under the bankruptcy laws, Mr. Causey was stripped of his authority to direct payments to its creditors. He could, therefore, not control the payment of withholding taxes accruing after October 31, 1983. He could, however, have directed prior to the filing of bankruptcy, payment of taxes due and owing up to October 31, 1983. Accordingly, the court finds that Mr. Causey is liable for withholding taxes not paid October of 1983.

 As to the amount owed for October, the parties have indicated to the court that no documentation exists that would allow them to calculate the amount owed specifically for October. They further state that only the amount for the entire fourth Quarter can be calculated. The government contends that Mr. Causey should be charged with two-thirds ($\frac{2}{3}$) of this amount since there is evidence that most of the business occurred in October; that Mr. Causey has not rebutted this evidence; and that the government's assessment is presumptively correct. The court finds, however, that Mr. Causey has demonstrated that the government's assessment is based upon simply an educated "guess," which is not supported by substantial evidence.[3] In addition, the court notes that the government implicitly admitted in the bankruptcy proceedings involving WOF Enterprises, Inc., that only one-third of the fourth quarter tax liability accrued prior to October 31, 1983. *See* government's letter to court dated December 22, 1987. Based upon these facts the court believes that Mr. Causey can only be held liable for one-third of the taxes due in the fourth quarter to the government.

## II. Section 6672 Penalties

Based upon the foregoing conclusions, the court awards the government the following amounts:

---

**3.** In fact, the IRS originally assessed Mr. Causey for two-thirds of the fourth quarter because it erroneously believed that WOF Enterprises, Inc. had filed for bankruptcy at the end of November. It was only during the evidentiary hearing in this matter that the government developed this second argument that most of the business occurred in October, and that because of this fact, a two-thirds assessment was appropriate.

| First Quarter— | $ 0.00 |
| Second Quarter— | 1,499.64 |
| Third Quarter— | 7,969.29 |
| Fourth Quarter— | 1,116.28 |
| Total | $10,585.21 |

In addition to awarding $10,585.21, the court also awards prejudgment interest on that sum from the date of notice and demand, September 22, 1986, to the date of judgment as provided for by 26 U.S.C. § 6601 and 26 U.S.C. § 6621. It also awards $5.00 in statutory additions to the government. Of course, Mr. Causey would be entitled to credit for any sums that he has previously paid to the government, and for a reduction in the prejudgment interest based upon this earlier payment.