**Billie Jean FLORES, Plaintiff-Appellant,**

v.

**CABOT CORPORATION et al.,
Defendants-Appellees.**

No. 78–2565
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 12, 1979.

Richard R. Kennedy, Lafayette, La., Gerard B. Wattigny, New Iberia, La., for plaintiff-appellant.

Pugh, Boudreaux & Gachassin, Nicholls Pugh, Jr., Lafayette, La., for Cabot Corp. and Travelers Ins. Co.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM:

Billie Jean Flores, widow of James Allen Flores, brought this diversity products liability action against Cabot Corporation (Cabot), the alleged manufacturer of a ladder hinge assembly which caused Mr. Flores's death. Mrs. Flores argues on appeal that the district court committed reversible error when it informed the jury of prior litigation brought by her against other defendants allegedly liable for her husband's death. We reject her contention and affirm the district court's judgment for Cabot.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

On February 26, 1974, James Flores was working on an oil rig in Cameron Parish, Louisiana. A ladder hinge assembly malfunctioned and fell on Flores's arm, causing him to lose his grip and fall some sixty feet to his death. The oil derrick on which he was working was manufactured by a corporate ancestor of Cabot, but Cabot denied that either it or its ancestor built the defective ladder hinge assembly. Prior to bringing her action against Cabot, Mrs. Flores sued both Flores's employer and the owner of the oil derrick in Louisiana state court for negligently causing Flores's death. These actions were settled prior to the trial in the case now before us.

At trial, the district court, over the objection of Mrs. Flores, informed the jury that she had previously brought negligence actions for the death of her husband against other defendants in state court and that these suits had been compromised. The court instructed the jury that it could consider the fact that in these suits Mrs. Flores had claimed that defendants other than Cabot were responsible for the accident, but also pointed out that due to the press of the statute of limitations or for other reasons such suits may have been filed before all the facts underlying the accident were developed. The case was submitted to the jury for a special verdict, *see* Fed.R.Civ.P. 49(a); the jury found on a preponderance of the evidence that the ladder assembly was manufactured by neither Cabot nor its predecessor.

■ Mrs. Flores argues that the district court erred when it informed the jury of her prior state court actions and their settlement. We need not, and do not, reach this question, however, as even if the district court did err (and we express no opinion on this point), Mrs. Flores has failed to demonstrate any resulting prejudice. The record on appeal does not include a transcript of the proceedings at trial; it merely features brief excerpts which contain the statements of the district court regarding the prior suits and the objections thereto. We cannot determine on the record before us whether the plaintiff's case was materially prejudiced by these comments; Cabot may have clearly demonstrated its nonmanufacture of the ladder hinge assembly completely independently of the court's purportedly erroneous instructions. Mrs. Flores bears the burden of persuasion on this appeal, and absent a showing of prejudice we shall not reverse the judgment of the district court. *See Palmer v. Hoffman*, 318 U.S. 109, 116, 63 S.Ct. 477, 481–82, 87 L.Ed. 645 (1943). Accordingly, the decision on behalf of Cabot is affirmed.

AFFIRMED.