Charles F. BYRD, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 78–3181.

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1980.

William H. Cox, Jr., Atty., Alan W. Perry, Jackson, Miss., for plaintiff–appellant.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Act. Chief, Appellate Sect., Richard Farber, Richard D. Buik, Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendant–appellee.

Before BROWN, AINSWORTH and FRANK M. JOHNSON, Jr., Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Appellant, Charles F. Byrd, appeals from an adverse District Court judgment finding him liable to the Government for $129,-951.07 for willfully failing to pay employee withholding taxes under the Internal Revenue Code. 26 U.S.C. § 6672. On this appeal, Byrd argues that the District Court erred in denying his motion for judgment notwithstanding the verdict, contending that there was no evidence that he *willfully* failed to pay over the taxes. Byrd further contends that the District Court erred in permitting certain portions of a deposition to be used out–of–context by the government at trial while denying Byrd the use of other portions of the deposition. We find that the District Court properly denied Byrd's motion for judgment notwithstanding the verdict and that any error concerning the use of the deposition was harmless. Accordingly, we affirm.

Byrd does not contest that during the last quarter of 1972 and the first and second quarters of 1973, the construction company of which he was president, chairman of the board and 80% stockholder failed to pay over employee withholding taxes totaling $130,424.87. In May 1975, the Commissioner of Internal Revenue assessed a penalty against Byrd, equal to the total amount of such taxes, for willfully failing to make the payments, under 26 U.S.C. § 6672.[1] Byrd subsequently paid the Government $473.80, an amount equal to the withholding tax of one of his employees for all of the quarters in dispute, and then filed suit in District Court to recover this sum. The Government counterclaimed for $129,951.07 as the amount due and owing under the assessment. The matter was tried to a jury which returned a verdict in favor of the Government. The District Court denied Byrd's motion for judgment notwithstanding the verdict and this appeal followed.

We turn first to a review of Byrd's contention that there was no evidence that he *willfully* failed to pay over the withholding taxes. At the outset, we emphasize that we will not upset the Dis-

---

1. 26 U.S.C. § 6672 provides in pertinent part:

 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade·or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

trict Court's denial of the motion for judgment notwithstanding the verdict unless on consideration of all the evidence, in the light and with all reasonable inferences most favorable to the Government, we find that the facts and inferences point so strongly and overwhelmingly in favor of Byrd that reasonable men could not arrive at a contrary verdict than one in favor of Byrd. *Boeing Company v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc).

Byrd testified that during much of the period in question, his corporation was facing serious emergencies in the field which forced him to be absent from the office for substantial periods of time. Byrd testified that during this period he reasonably delegated payment decisions to his bookkeeper, Pat Farris. Any failure to pay over withholding taxes was attributable, therefore, to Farris not Byrd. In fact, Byrd testified, when he became aware in February 1973 that past withholding taxes had not been paid he ordered Farris to make such payments, declaring that he would shut down the company if the taxes were not paid. While this testimony, and testimony of others, might support a finding that Byrd's failure to pay over the withholding taxes was not willful, other evidence adduced at trial could reasonably support a contrary conclusion. Byrd testified that he, not Farris, was ultimately responsible for the financial decisions of the corporation. The evidence further showed that Farris had no check writing authority. Both Byrd and Farris testified that during the period in question the corporation was experiencing serious financial difficulties and that even though Byrd was often absent from the office, the two remained in periodic contact to discuss the financial condition of the corporation. Finally, it is uncontradicted that during the period in question the corporation continued to pay certain creditors.

In *Newsome v. United States*, 431 F.2d 742, 745–46 (5th Cir. 1970) this Court held that "willfulness", for purposes of § 6672, is established by "knowing preference of other corporate creditors over the United States."[2] In light of this holding, we believe that there was substantial evidence from which reasonable men could have concluded that Byrd was aware that the withholding taxes were not being paid and willfully determined not to pay them.

■ As his second major point of error, Byrd cites the failure of the District Court to permit Byrd to use portions of Farris' deposition to create a context for other portions of Farris' deposition used by the Government at trial. Rule 32(a)(4) of the Federal Rules of Civil Procedure provides in pertinent part:

> If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts.

On a review of the record, we find no express determination made by the District Court that considerations of fairness to Byrd did not require the other portions of Farris' deposition to be introduced in evidence. It appears to us, therefore, that the District Court–perhaps operating under the influence of prior practices which sometimes severely restricted, if not prohibited, the use of other portions of a deposition–did in fact err in refusing to permit Byrd to use these other portions of the deposition. However, we are convinced that this error was harmless. See, *Flores v. Cabot Corp.*, 604 F.2d 385, 386 (5th Cir. 1979).

Portions of Farris' deposition were introduced at the trial by the Government, on cross–examination, to impeach Farris. Far-

**2.** *Newsome* also contains a discussion of the duties of corporate officers which is of particular relevance to this case:

> Since a corporation can act only through its agents–its officers and those designated by the officers–a corporate officer or agent has a duty to see that withheld funds are properly collected from the employees, are maintained during the quarter, and are paid over to the government at the end of the quarter. This duty, for purposes of section 6672 liability, is a continuing one which arises when the federal income and social security taxes are withheld from employees' wages and ends when such funds are paid over to the United States.

ris had testified live that he could not specifically recall whether after February 1973, when he informed Byrd that the withholding taxes for the fourth quarter of 1972 had not been paid, he at any time had told Byrd that the taxes had still not been paid. In deposition, Farris had testified, among other things, that "[a]fter February [1973] he [Byrd] still knew from time to time that the $50,000 had not been paid," and that Byrd became aware of this "[t]hrough our normal conversations at the office when he would come in and we would discuss what bills ought to be paid and so forth."

Byrd claims that if additional pages of the deposition had been introduced it would have shown, first, that Farris could not remember "anything specifically" he had told Byrd about the failure to pay the 1972, fourth quarter withholding taxes, and, second, that after February 1973 "not paying the tax" had not been discussed with Byrd because Byrd was in the field.

With respect to Byrd's first contention, it is evident that the Government was not concerned with establishing whether Farris could recall any specifics concerning Byrd's post–February 1973 knowledge of the continued failure to pay the fourth quarter of 1972 tax, but rather only whether Farris had made Byrd aware of this. In fact, in one of his questions to Farris, counsel for the Government stated: "I am not asking you about a specific time. Just did you do it, as the deposition says." Additionally, part of Farris' deposition introduced by the Government contains the following answer of Farris: "I don't recall on a specific date that I told him that the Internal Revenue was still outstanding but I am sure that it was brought to his attention." The fact that Farris answered in his deposition that he couldn't remember "anything specifically" he said to Byrd, and that this portion of the deposition was not introduced at trial, can hardly be considered as harming Byrd in light of Farris' other testimony that Byrd was in fact made aware of the continued failure of payment of the 1972, fourth quarter taxes during their periodic conversations after February 1973.

We similarly reject as harmless error the District Court's failure to admit certain portions of Farris' deposition which, Byrd claims, show that after February 1973 "not paying the tax" had not been discussed with Byrd. The portions of the deposition which Byrd refers to are directed not at the continued failure to pay the 1972, fourth quarter tax, the subject of the Government's immediate inquiry, but rather at the failure to pay the withholding taxes for the second and third quarters of 1973. We do not believe that Farris' deposition testimony concerning the payment of taxes for these latter two quarters is material to his live testimony concerning the payment of withholding taxes for the first quarter in dispute.

AFFIRMED.